In the Matter of HERBERT H. WEITZ, an Attorney, Respondent. BRONX COUNTY BAR ASSOCIATION, Petitioner.

First Department, July 6, 1960.

*Morris Lyman* and *Donald Diamond* for petitioner.

*Daniel S. Weiss* for respondent.

*Per Curiam.* Respondent was admitted to the Bar at the November 1947 Term of this court. He is charged in the amended petition herein with serious breaches of his professional duties. These charges in the main are that he stirred up litigation through agents, sought out claims for personal injuries, solicited retainers and participated in the profits of a partnership whose custom it was to indulge in these practices over a period of years.

Respondent's position is that he did not know the number of tort matters handled by his firm and that the handling of these matters was entrusted to his partner.

The proof is that respondent and respondent's partner were retained in at least 3,627 negligence cases on a contingent basis in the six-year period from January 6, 1954 to January 4, 1960. The large number of cases conclusively negate respondent's alleged lack of knowledge thereof.

Respondent shared in the profits of this firm first as an equal partner and latterly to the extent of 40%. He signed checks and he signed income tax returns.

The proof indicates a general pattern of professional misconduct on the part of this respondent and his partner in the solicitation of claims. Respondent may not absolve himself by reference to the fact that his partner prepared the retainers and was in charge of the office. He shared the profits and must assume responsibility for the activities which spawned them when the general pattern is as appears herein.

We find ample support in the record for the findings of the learned Referee and confirm same in all respects.

It is clear that the respondent and the partnership continually violated canon 28 of the Canons of Professional Ethics by stirring up litigation directly or through agents. Such conduct tends to bring the legal profession into disrepute and under the circumstances respondent's long association in the firm makes it manifest that he is guilty of the charges set forth in the amended petition.

It is our considered opinion that respondent's conduct was clearly in violation of his duty to uphold the law and to maintain the dignity of his profession and was prejudicial to the administration of justice. He has in our judgment demonstrated his unfitness to be retained on the roll of attorneys and counsellors at law and he should be disbarred.

Botein, P. J., Breitel, McNally and Stevens, JJ., concur.

Respondent disbarred.